## THE STATE OF NEVADA, RESPONDENT, *v.* PATRICK DUFFY, APPELLANT.

CRIMINAL LAW—CHARGE—ASSUMPTION OF GUILT. Where in charging the jury in a criminal case, the Court used the expression, "the guilt of the defendant rests upon what is known as circumstantial evidence" : *Held*, that there was a direct assumption of the guilt of defendant, and therefore manifest error.

CHARGING JURY IN RESPECT TO FACTS. The assumption by a judge in his charge in a criminal case, that any material fact upon which there is any conflict of evidence is proved, is error.

CONSTITUTIONAL LAW—JUDGES NOT TO CHARGE AS TO FACTS. The provisions of the Constitution, (Art. VI, Sec. 12) that "Judges shall not charge juries in respect to matters of fact, but may state the testimony and declare the law," whether it be wise and wholesome or not, must be fully enforced both in letter and spirit.

USE OF EXPRESSION "GUILT OF DEFENDANT" IN CRIMINAL CHARGE. Where in a criminal case, the Court in charging the jury said, "the guilt of the defendant rests upon circumstantial evidence": *Held*, that although evidently what was intended to be said was that the *charge* of guilt rested on circumstantial evidence, yet the words expressed a totally different meaning and constituted fatal error.

APPEAL from the District Court of the Eighth Judicial District, White Pine County.

Defendant, together with A. Strauss, T. B. Stewart, Frank Weidenholdt, G. D. Hauser and A. S. Prior, was indicted in White Pine County, February, 1870, of the crime of grand larceny, in stealing five oxen, the property of W. C. Reeves and R. W. Bunington.   Being tried separately, defendant was convicted and sentenced to imprisonment in the State prison for the term of three years.   A motion for new trial having been overruled, this appeal was taken.

*Garber & Thornton*, for Appellant.

*Robert M. Clarke*, Attorney General, for Respondent.

By the Court, LEWIS, C. J. :

In the submission of this matter, which is a prosecution for grand larceny, the Court below charged the jury as follows :

" In this case the guilt of defendant rests upon what is known as circumstantial evidence.   Evidence of this kind may be defined to be all the facts surrounding the taking of the cattle and disposal of the property, tending to point out with reasonable certainty the person who is guilty.   When the facts and circumstances all point one way and to the guilt of the person charged with the offence, to the exclusion of every other reasonable hypothesis, such evidence in the very nature of things is as conclusive of guilt as the testimony of witnesses who swear directly to it ; and in criminal cases it is frequently the only kind of evidence by which crime is detected and criminals convicted."

In the first sentence of this instruction, it will be observed the Court below directly and unequivocally assumes the guilt of the defendant, and then proceeds to give the jury some information touching the character of the evidence adduced against him.   The assumption by the judge in his charge in a criminal case, that any material fact upon which there is any conflict of evidence is proven, is manifestly error under the constitution and decisions of this State.   It was deemed proper by the framers of our constitution to remove the jury beyond the reach of any influence of the Judge in the determination of all issues of fact: hence the adoption of section twelve of article six, which enacts that " Judges shall

not charge juries in respect to matters of fact, but may state the testimony and declare the law." Of the policy of placing such a restriction upon the province of a judge we have nothing to say; whether commendable or otherwise is a question which does not concern this Court; but being the supreme law of the State, it must be enforced in letter and spirit as fully as if it were in every respect wise and wholesome. Upon this question Mr. Justice Baldwin, in *The People* v. *Williams*, 17 Cal. 142, makes these observations, which are pertinent here. "The word *victim* in the connection in which it appears, is an unguarded expression, calculated, though doubtless unintentionally, to create prejudice against the accused. It seems to assume that the deceased was wrongfully killed, when the very issue was as to the character of the killing. We are not disposed to criticise language very closely in order to reverse a judgment of this sort, but it is apparent that in a case of conflicting proofs, even an equivocal expression coming from the Judge may be fatal to the prisoner. When the deceased is referred to as ' a victim' the impression is naturally created that some unlawful power or dominion had been exerted over his person. And it was nearly equivalent in effect to an expression characterizing the defendant as a criminal. The Court should not, directly or indirectly, assume the guilt of the accused, nor employ equivocal phrases which may leave such an impression. The experience of every lawyer shows the readiness with which a jury frequently catch at intimations of the Court, and the great deference which they pay to the opinions and suggestions of the presiding judges, especially in a closely balanced case, when they can thus shift the responsibility of a decision of the issue from themselves to the Court."

But in this instruction, the Court tells the jury that Duffy is guilty of the crime charged upon him. "The guilt of the defendant rests upon circumstantial evidence," is an expression which clearly assumes the charge to be proven against the defendant. It is an assumption of the establishment of all the issues against him. It is in effect a statement that Duffy is guilty; if not, how can his guilt rest upon circumstantial evidence? Evidently, what was intended to be said was, that the *charge* against the defendant rested

upon circumstantial evidence; but unfortunately the words employed express a totally different meaning.

The instruction is erroneous and therefore the judgment must be reversed.